IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| DOMINIC KEITH LEE, <br><br> Petitioner, <br><br> vs. <br><br> STATE OF MONTANA; BOB OLSON; START PROGRAM, <br><br> Respondents. | CV 21-74-H-DLC-JTJ <br><br><br> FINDINGS AND RECMENDATION OF UNITED STATES MAGISTRATE JUDGE |

On October 1, 2021, this Court received a document filed by Petitioner Dominic Keith Lee entitled "Appeal of Writ of Habeas Corpus OP 21-0393 Dismissal and Denial." (Doc. 1). Out of an abundance of caution, the filing was construed as an application for writ of habeas corpus under 28 U.S.C. § 2254. Mr. Lee appeared to claim that the Montana Supreme Court incorrectly applied 2015 statutes to his 2021 arrest and subsequent revocation of his conditional release. See, (Doc. 1 at 2-3.)

Mr. Lee was advised that as a court of original jurisdiction, this Court was unable to serve as an appellate tribunal to review errors allegedly committed by state courts. (Doc. 3 at 2.) Mr. Lee was further informed that as his petition stood, it failed to advance any claims that were cognizable in federal habeas. *Id.* at 2-3. Mr. Lee was provided an opportunity to file an Amended Petition and was directed

1

to do so by November 5, 2021. Id. at 3-4.

To date, Mr. Lee has not complied with the Court's order. The only filing received was a document forwarded to the Court from the Ninth Circuit entitled "Notice of Appeal and Memorandum in Support." See, (Doc. 4.) It appears that Mr. Lee filed a similar document with the Circuit as he originally filed with this Court, in which he attempted to seek further appellate review of the Montana Supreme Court. That document is captioned for the Ninth Circuit and is plainly non-responsive to this Court's prior order directing him to file an amended petition. Accordingly, the Court will recommend this matter be dismissed based upon Mr. Lee's failure to prosecute.

**I.      Failure to Prosecute**

Fed. R. Civ. P. 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute" the action. The Court may dismiss a case on its own without awaiting a motion. See, e.g., *Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F. 3d 683, 689 (9th Cir. 2005).

In determining whether Petitioner's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring

disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King,* 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir.1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson,* 910 F.2d 652, 656 (9th Cir.1990).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F. 3d 983, 990 (9th Cir. 1999). Mr. Lee has failed to comply with the Court's order entered on October 5, 2021. This factor weighs in favor of dismissal.

Likewise, the second factor supports dismissal. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan v. Galaza*, 291 F. 3d 639 (9th Cir. 2002). The Court cannot manage its docket if Mr. Lee does not comply with the Court's orders. Mr. Lee's case has consumed judicial resources and time that could have been better spent on other matters. Therefore, this factor favors dismissal.

The third factor requires the Court to weigh the risk of prejudice to the Defendants. A rebuttable presumption of prejudice to respondents arises when a plaintiff unreasonably delays prosecution of an action. *In re Eisen*, 31 F.3d 1447,

1452-53 (9th Cir. 1994). Nothing suggests that such a presumption is unwarranted in this case.

The Court has considered less drastic alternatives. Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel v. North Coast Life Insurance Co.*, 651 F. 2d 671, 674 (9th Cir. 1981). Although less drastic alternatives to dismissal should be considered, the Court is not required to exhaust all such alternatives prior to dismissal. *Id.* Mr. Lee was provided with an opportunity to file an amended petition that raised potentially cognizable claims and was advised as to how he may do so. See, generally (Doc. 3.) He was provided an adequate of time within which to prepare his amended petition. Mr. Lee failed to comply with the Order. At this juncture, the Court can envision no further alternatives to dismissal.

The last factor weighs against dismissal because public policy favors disposition of cases on their merits. *Hernandez v. City of El Monte,* 138 F. 3d 393, 399 (9th Cir. 1998). But in light of the other four factors favoring dismissal, the weight of this factor is slight. The Court will therefore recommend that this matter be dismissed for failure to prosecute, pursuant to Fed. F. Civ. P. 41(b).

## II.   Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it

enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The claims Mr. Lee attempts to advance do not appear to make a substantial showing that he was deprived of a constitutional right. Moreover, no reasonable jurist would suggest the Court go forward with the case without Mr. Lee's participation. A certificate of appealability should be denied because reasonable jurists would find no reason to encourage further proceedings. Based upon the foregoing, the Court issues the following:

## RECOMMENDATIONS

1. The petition (Doc. 1) should DISMISSED with prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute.

2. The Clerk of Court should be directed to enter a judgment, in favor of Respondents and against Petitioner, by separate document.

3. A Certificate of Appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT TO OBJECT
TO FINDINGS & RECOMMENDATIONS AND
CONSEQUENCESOF FAILURE TO OBJECT**

Mr. Lee may file objections to these Findings and Recommendations within fourteen (14) days after service.[1]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 12th day of November, 2021.

*/s/ John Johnston*
John Johnston
United States Magistrate Judge

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Mr. Lee is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.